## Fred A. Munson, Appellant, v. The Commercial State Bank of Windsor, Illinois, Appellee.

### Gen. No. 8,098.

CHATTEL MORTGAGES—*moral obligation as consideration.* Where a debt has been fully adjusted, paid and extinguished by a written agreement of settlement between the debtor and creditor, a subsequent chattel mortgage that is given because the debtor may be under a moral obligation to make an additional payment by reason of the creditor having received the worst of the settlement, is not a valid consideration as against an execution levy by another creditor.

Appeal by plaintiff from the County Court of Shelby county; the Hon. WILLIAM C. KELLEY, Judge, presiding. Heard in this court at the April term, 1927. Affirmed. Opinion filed October 31, 1927.

WARD & PUGH, for appellant.

WM. H. CRAIG and J. J. BAKER, for appellee:

MR. JUSTICE ELDREDGE delivered the opinion of the court.

On June 2, 1926, a judgment was entered in the circuit court of Shelby county in favor of appellee and against George B. Gleason and his wife, for the sum of $3121.00. An execution was issued and levied upon the undivided interest of George B. Gleason, in 80 acres of wheat then in shock. Appellant, Fred A. Munson, claimed the possession of the property by virtue of a certain note and chattel mortgage, executed by said Gleason, dated October 12, 1925, to secure the payment of $4065.00. A trial of the right of property was had in the county court and judgment rendered in favor of appellee. It appears from the evidence that on the 17th day of March, 1922, appellant held a note executed by Gleason, dated January 7, 1921, due one year after date for the principal sum of $9362.57. This note was secured by mortgage

on certain real estate owned by Gleason. Appellant also held another note executed by Gleason, dated July 8, 1921, for the principal sum of $767.15. On the 17th day of March, 1922, Gleason and Munson entered into a written agreement, in the preamble of which, among other things, the indebtedness mentioned is described, and the last paragraph thereof states, "and whereas also, it is the desire of the parties hereto, to settle and adjust said indebtedness, therefore, this agreement witnesseth:". This contract of settlement, though awkwardly worded, then provides, in substance, that Gleason agrees to convey to Munson the real estate described in the mortgage securing the debt, by warranty deed subject to a prior mortgage and to pay Munson the sum of $776.10 in cash, upon the signing of the agreement, and further provides that upon the execution and delivery of said warranty deed, subject to the conditions aforesaid and the payment of said sum of $776.10 by the said George B. Gleason to the said H. E. Munson that all existing indebtedness owing by the said George B. Gleason and his wife, Edna B. Gleason, to the said H. E. Munson be deemed paid and said Munson by these presents accepts said payment and said conveyances in full of any and all indebtedness of every kind and character now due or to become due from the said George B. Gleason and his wife, Edna B. Gleason, to the said H. E. Munson and said Munson by these presents accepts said payment and said conveyances in full of any and all indebtedness of every kind and character now due or to become due from the said George G. Gleason, and his wife Edna B. Gleason to the said H. E. Munson, vice-president, or to the Citizens State Bank of Windsor, Illinois. While this agreement purports to have been executed by H. E. Munson as "vice-president," all the above mentioned indebtedness was indebtedness due from Gleason to the Citizens State Bank of Windsor of which at that time said H. E.

Munson was vice-president. There is no claim that the terms of the agreement were not fully carried out. The chattel mortgage under which appellant claims possession of the wheat, while apparently running to appellant, Fred A. Munson, as mortgagee, in reality attempts to secure the same indebtedness which was subject to the settlement between Gleason and the Citizens State Bank of Windsor. At the time this chattel mortgage was executed Gleason was indebted to appellee in the amount of the notes upon which appellee's judgment was entered. The basis for the validity of this chattel mortgage as advanced by appellant, is, that, notwithstanding the written agreement of settlement between Gleason and the Citizens State Bank of Windsor, whereby a complete settlement of all the indebtedness from Gleason to said bank was paid and extinguished, yet three years after the settlement was accomplished, Gleason and said bank concluded that the bank received the worst of the transaction and that Gleason was under a moral obligation to pay the bank $4065.00 additional and to give the chattel mortgage in question, to secure the same. Possibly it is but a coincidence that, at the time this supposed moral obligation invaded the consciences of Gleason and appellant, Gleason owed an unsecured debt to appellee in the sum of over $3,000. There was neither a moral nor a legal consideration for the chattel mortgage as the original indebtedness to Gleason and the State Bank of Windsor was fully adjusted, paid and extinguished by the written agreement of settlement, the terms of which were fully carried out.

The judgment of the county court is affirmed.

*Affirmed.*